UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MOSES COBBS, III,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

File No. 1:08-CV-471

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Movant Aaron Moses Cobbs, III's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, an evidentiary hearing will be granted.

### I.

Movant was originally indicted on January 19, 2005. A superseding indictment was filed on March 17, 2005, and a second superseding indictment was filed on March 31, 2005, charging Movant with: (1) conspiracy to possess, with the intent to distribute, over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846 ("Count 1"); (2) knowing and intentional distribution, on January 6, 2005, of a mixture or substance that contained a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 2"); (3) knowing and intentional distribution, on January 10, 2005, of a mixture or substance that contained a detectable amount of cocaine

base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 3"); (4) possession, with the intent to distribute, of over five grams of a mixture or substance that contained a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) ("Count 4"); (5) possession of nine firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) ("Count 5"); (6) possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) ("Count 6"); (7) possession of a semiautomatic pistol, with the knowledge that it had an obliterated serial number and had been shipped in interstate commerce, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) ("Count 7").

On April 5, 2005, the Court granted Movant's motion to substitute counsel. Movant was tried and found guilty on all counts on September 28, 2005. On January 11, 2006, this Court sentenced Movant to ninety-seven months of incarceration as to each of Counts 1-4 and 6, and sixty months as to Count 7, all to be served concurrently. This Court also sentenced Movant to 360 months as to Count 5 to be served consecutively, for a total of 457 months of incarceration. Movant also received four years of supervised release. *United States v. Cobbs*, File No. 1:05-CR-11, Dkt. No. 90 (W.D. Mich. Jan. 11, 2006). Movant's conviction and sentence were affirmed on appeal. *United States v. Cobbs*, 233 F. App'x 524 (6th Cir. 2007). Movant filed his § 2255 motion on May 21, 2008.

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an

2

error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of

3

the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

Movant seeks relief based on ineffective assistance of counsel, for which he asserts four distinct claims: (1) counsel encouraged Movant to refuse the offered plea bargain even though Movant was guilty and had no viable legal defenses; (2) counsel failed to file legally meritorious pre-trial motions despite his promises to do so; (3) counsel failed to communicate any plea offers, case analysis, or any other relevant information regarding the status or investigation of the case to Movant in writing; (4) counsel failed to object to improper evidence at trial, make appropriate legal motions, or request applicable jury instructions. (Dkt. No. 1.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Movant's second, third, and fourth claims are unsupported. Movant fails to provide

any examples of counsel's deficiency with regard to plea offers not delivered, pre-trial motions, or conduct at trial, and he has not indicated how counsel's conduct in this regard prejudiced him. Unsupported, conclusory statements are "wholly insufficient to raise the issue of ineffective assistance of counsel." *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). Thus, the Court finds that these claims are without merit.

Movant's first claim alleges that counsel was ineffective because he urged Movant to reject the plea offer and go to trial. (Dkt. No. 2, at 19.) On January 19, 2005, the government represented that if Movant pleaded guilty to the original indictment, it would not indict Movant for possessing a machine gun in furtherance of drug trafficking, a charge that carried a mandatory thirty-year penalty. (Dkt. No. 9, Ex. 1, Letter Regarding Plea Agmt.) After Movant declined the plea agreement, he was indicted through a superseding indictment for possessing a machine gun in furtherance of drug trafficking. (File No. 1:05-CR-11, Dkt. No. 25.) The government alleged, in its initial offer, that the offer would not be available after this superseding indictment was filed because "once the machine gun was charged as a Section 924(c) violation it could not be dismissed." (Dkt. No. 9, at 4.) However, the government's statements to the Court suggest that the offer was still available after the superseding indictment was filed. In paragraphs 1 and 2 of its response, the government implies that the plea offer was still available when the counsel in question was initially retained, on April 5, 2005, over two weeks after the superseding indictment was filed. Paragraphs 1 and 2 state:

> The defendant was offered a resolution to the case prior to trial, in which he was given the change [sic] to plead to all charges in the indictment except the most serious offense, possession of a machine gun in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).
>
> . . . . There is no credible evidence that the defendant's second attorney ever advised the defendant against accepting the government's plea offer.

(Dkt. No. 9 ¶¶ 1-2.) In the government's response, it again implies that Movant had the ability to accept the plea offer through his new counsel. The response states that:

> In this case, the heart of the defendant's claim is that Mr. Slocombe blundered by advising against a plea and advocating for a trial, based on a belief that Cobbs could prevail on the Section 924(c) charge in connection with the machine gun. The government expects the proof to show that Slocombe did not advise the defendant to try the case. However, even if he did, the defendant cannot meet his burden of showing that the advice was ineffective.

(Dkt. No. 9, at 8.) The government offers no evidence that counsel did not advise Movant to reject the plea offer. Instead it indicates that it could prove its assertions at an evidentiary hearing. (*Id.* at 8-9.)

If counsel did advise Movant to reject the plea offer, Movant must also show that this advice was objectively unreasonable and that it prejudiced him. "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . ." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). *Strickland* held that counsel's assistance is unreasonable when it is "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). As for the machine gun charge at issue, the government argues that "the proof was circumstantial and not so conclusive that it was impossible to imagine a jury acquitting the

6

defendant." (Dkt. No. 9, at 8.) However, in a February 16, 2005, letter to the original defense attorney, the government's attorney claimed that he was "convinced that I could prove to a jury that your client possessed the machine gun in part to further his drug trafficking." (*Id.*, Ex. 1.) The Court recognizes the possibility that this statement was posturing; however, the weight of the evidence indicates that defense counsel should have been aware of the strength of the government's case.

The Sixth Circuit has provided several factors for determining whether a firearm was used in furtherance of drug trafficking:

> In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use . . . . Other factors . . . include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found.

*United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). The record suggests that all of the foregoing factors were present. Movant admitted to police that he was the owner of the firearm. (File No. 1:05-CR-11, Dkt. No. 1, Compl., Aff. of Christopher Luhr 7.) The firearm was an illegal machine gun that was found on a rack above a dresser in Movant's bedroom with a fully loaded magazine inches below it. (Dkt. No. 9, Govt. Resp. Br. 3-4.) The police found Movant's stash of cocaine inside the same dresser. (*Id.* at 3.) Also, the police had observed crack being sold out of the house. (*Id.* at 2.)

It also appears that Movant did not possess any meritorious defenses. At trial, counsel argued that the government did not possess any direct proof that Movant was the one who

7

converted the weapon into a fully automatic machine gun. (File No. 1:05-CR-11, Dkt. No. 98, Tr. of Jury Trial I 166-69; *Id.*, Dkt. No. 99, Tr. of Jury Trial II 209-10, 242-48.) However, the government did not need direct proof to link Movant to the illegally altered firearm. The Sixth Circuit has noted:

> "Evidence of either actual or constructive possession of a firearm is sufficient to sustain the verdict." . . . Constructive possession may be proved by direct or circumstantial evidence and it is not necessary that such evidence remove every reasonable hypothesis except that of guilt. "Proof that 'the person has dominion over the premises where the firearm is located' is sufficient to establish constructive possession."

*United States v. Coffee*, 434 F.3d 887, 895-96 (6th Cir. 2006) (citations omitted).

Counsel also produced a witness who testified that he possessed the drugs found in the house. (Dkt. No. 9, at 6.) However, this witness was convicted of perjury for his testimony. (File No. 1:06-CR-65, Dkt. No. 35, Judgment.) Even if the jury had believed this witness's testimony, it likely would not have affected Movant's chances of being acquitted of possessing a machine gun in furtherance of drug trafficking crimes, because, in addition to being convicted for the drugs found in his house on January 10, 2010, Movant was convicted for distributing drugs out of his house on January 6, 2010. (File No. 1:05-CR-11, Dkt. No. 35.) Given the circumstances surrounding the seizure of the firearm, if counsel did insist that Movant would win on the machine gun charge by going to trial, Movant has a plausible argument that counsel was objectively unreasonable.

If counsel insisted that Movant go to trial, Movant must also show that this advice prejudiced him. When an ineffective assistance of counsel claim concerns a plea agreement,

8

"[t]he second, or 'prejudice,' requirement [of *Strickland*] . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Movant has asserted that if his counsel had provided adequate assistance, he would have accepted the plea offer from the government. (Dkt. No. 1, at 4.) While some circuits have held that a Movant's post-conviction testimony that he would have accepted a plea is insufficient, the Sixth Circuit "has not explicitly adopted such a requirement." *Magana v. Hofbauer*, 263 F.3d 542, 548 n.1 (6th Cir. 2003). Instead, the Sixth Circuit has held that *Strickland* "only requires that a defendant demonstrate that there is a 'reasonable probability' that the result of the proceeding would have been different. The Supreme Court has imposed no requirement that the defendant meet his burden of proof through objective evidence." *Id.* Furthermore, "[t]he gap between [a Movant's] potential sentence if convicted and the plea offer is sufficient to merit an evidentiary hearing." *Griffin v. United States*, 330 F.3d 733, 739 (6th Cir. 2003). While it is unknown what sentence Movant would have received had he accepted the plea agreement, it is evident that, without the mandatory thirty-year consecutive sentence that the machine gun charge carried, Movant's sentence would have been significantly less than the 457 months he received as a result of going to trial. Thus, if Movant's allegations are true, he has a plausible argument that he was prejudiced by counsel's actions.

For the foregoing reasons, the files and records in this case do not conclusively show that Movant is entitled to no relief under § 2255. Accordingly, the Court will conduct an

9

evidentiary hearing to resolve the merits of Movant's claim that he would have pleaded guilty and would not have gone to trial but for the ineffective assistance of his counsel.

An order consistent with this opinion shall be entered.


Dated: August 10, 2010                              /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE