UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MOSES COBBS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

File No. 1:08-CV-471

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Movant Aaron Moses Cobbs III's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, this Court finds that Movant is entitled to a conditional grant of a writ of habeas corpus.

## I.

Movant was originally indicted on January 19, 2005, on the following charges: (1) conspiracy to possess, with the intent to distribute, over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846; (2) possession of eight firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii); (3) possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and (4) possession of a semiautomatic pistol, with the knowledge that it had an obliterated serial number and had been shipped in interstate commerce, in violation of

18 U.S.C. §§ 922(k) and 924(a)(1)(B). (Dkt. No. 9, Indictment.) Movant was represented by appointed counsel, Mr. Tamboer, and was offered a plea agreement on January 19, 2005. (Dkt. No. 9, Ex. 1, Letter Regarding Plea Agreement.) The plea agreement required Movant to plead guilty to Count 1, in exchange for dismissal of Count 3, possession of a machine gun in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), (B), which carried a thirty-year mandatory penalty. (Dkt. No. 9, Ex. 1.) On April 5, 2005, the Court granted Movant's motion to substitute counsel, replacing Mr. Tamboer with Mr. Slocombe. (File No. 1:05-CR-11, Dkt. No. 32, Order Allowing Substitution of Counsel.) Movant did not accept the plea offer, and was indicted on the original charges plus three additional drug charges. (File No. 1:05-CR-11, Dkt. No. 35, Second Superceding Indictment.)

As part of the defense at trial, Movant's cousin, Mansour Harrell, testified that the drugs found in the house belonged to him, and not to Movant. Harrell was impeached and later convicted of perjury for this testimony. (File No. 1:06-CR-65, Dkt. No. 35, J.) Movant was found guilty on all counts on September 28, 2005. (File No. 1:05-CR-11, Dkt. No.86, Jury Verdict.) On January 10, 2006, this Court sentenced Movant to 97 months of incarceration. (File No. 1:05-CR-11, Dkt. No. 89, Mins. of Sentencing.) Movant also received an additional consecutive sentence of thirty years, or 360 months, for the machine-gun charge. (File No. 1:05-CR-11, Dkt. No. 90, J.) Movant's conviction and sentence were affirmed on appeal. *United States v. Cobbs*, 233 F. App'x 524 (6th Cir. 2007). Movant filed his § 2255 motion on May 21, 2008. (Dkt. No. 1.) Movant alleges that Counsel Slocombe was ineffective for encouraging Movant to refuse an offered plea bargain even though

Movant was guilty and had no viable legal defense. (Dkt. No. 2, at 19.)

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504

3

(2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

To determine whether Counsel Slocombe was ineffective, the Court must decide: (1) whether there was a plea offer available that excluded the machine-gun charge when Movant retained Counsel; (2) whether Counsel advised Movant to refuse the plea offer and go to trial; and (3) if so, whether this advice was objectively unreasonable and prejudiced Movant.

### III.

**A. There was a plea offer available that excluded the machine-gun charge at the time Counsel was retained.**

4

The government alleged, in its initial plea offer, that the offer would not be available after this superseding indictment was filed because "once the machine gun was charged as a Section 924(c) violation it could not be dismissed." (Dkt. No. 9, at 4.) However, in the first two paragraphs of its response, the government implies that the plea offer was still available when Slocombe was initially retained, on April 5, 2005, over two weeks after the superseding indictment was filed. (Dkt. No. 9, ¶¶ 1-2.) ("There is no credible evidence that the defendant's second attorney ever advised the defendant against accepting the government's plea offer.")

In the evidentiary hearing held on this matter, Slocombe testified that he had discussed the plea agreement with Movant. There was no evidence offered by either party to indicate that the plea offer had been revoked and that Movant would have been unable to take the plea offer after retaining Slocombe. The Court finds that, based on the record, the plea offer was available at the time Slocombe was retained by Movant.

**B. Counsel advised Movant to refuse the plea offer and go to trial**

When Slocombe took over the case, Tamboer sent him copies of everything in Movant's file. Tamboer testified that, in a phone conversation, he explained the severity of the machine-gun charge and Slocombe did not seem to appreciate the gravity of the situation. Further, Tamboer stated that Slocombe did not even know the sentencing guidelines for the charges facing Movant. Tamboer testified that he recommended taking the plea, and this Court finds his testimony credible.

Movant and his grandfather, Aaron Cobbs Sr., both testified that Slocombe had promised Movant would win at trial and that there was no way he could be found guilty. Movant stated that Slocombe indicated they could beat the drug charge if someone else took responsibility for the drugs and then the machine-gun charge would be taken care of as well. Movant testified that he was informed he could be sentenced to 170 months for the drug charge if he plead guilty. But as he understood it, trial posed no risk of a greater penalty. Movant claims that there was no substantive discussion about the plea agreement because Slocombe insisted he could do at least as well by going to trial. Movant testified that he listened to Slocombe's advice to go to trial because it seemed to him the attorney's role is to tell him about the law and what he should do.

To the contrary, Slocombe testified that he gave Movant all of the facts surrounding the case and that he told Movant he was unlikely to win at trial. Slocombe denies ever making claims that he would beat the government at trial or any other promises about the case. Slocombe claims that he does not generally make recommendations to clients regarding taking or not taking pleas because it is the client's decision. He testified that Movant was the one who made the decision to reject the plea offer and go to trial.

There is a discrepancy in the evidence presented regarding the circumstances that led to Slocombe's meeting with Movant. Slocombe testified that he was contacted – he could not recall by whom – and that at their behest he went to meet with Movant in jail. On the other hand, Movant stated that Slocombe "solicited" Movant and offered his services based

6

on Slocombe's "superior legal skills and record of success in similar cases." (Dkt. No. 1, at 3.) Movant's assertions of solicitation are consistent with his testimony that Slocombe induced Movant to hire him based on Slocombe's promise to win at trial.

The Court finds that the testimony of Slocombe is not credible, particularly in light of all other testimony received. Slocombe could not produce a single letter, personal note, or any documentation of any kind supporting his vague testimony. Movant was receiving proficient services, free of charge, from Tamboer prior to Slocombe's involvement. But, as Movant stated, because of Slocombe's "persistence and favorable analysis" Movant decided to change counsel. (Dkt. No. 1, at 3.) Even if Movant initially sought out Slocombe for a second opinion on his case, the only reason to dismiss Tamboer would be that Slocombe promised a better result. Based on the above findings, the only conclusion to which this Court can arrive is that Slocombe induced Movant to change his attorney and go to trial based on promises that Movant could avoid conviction on at least the machine-gun charge and possibly on all counts.

**C. This advice was objectively unreasonable and prejudiced Movant.**

   **i. Counsel's recommendation to go to trial was unreasonable.**

Counsel recommended going to trial even though he had no viable defense. The defense at trial consisted almost entirely of placing the blame on Harrell for the drugs, and attempting to show that Movant did not own the machine gun. Both of these lines of defense were unreasonable and ineffective.

7

The first defense was unreasonable because it relied solely on the testimony of Harrell, which this Court finds Slocombe knew, or should have known, was false. Both Harrell and Movant testified that Slocombe was the impetus for Harrell's testimony taking responsibility for the drugs. Harrell stated at the evidentiary hearing that his cousin, Movant, brought him to see Slocombe and that the two of them (Harrell and Slocombe) met alone to discuss the drugs. Harrell testified that Slocombe must have known that Harrell was lying because Slocombe coached Harrell on where the drugs were located and recommended that Harrell act like a user. Harrell was convicted of perjury for his testimony at trial claiming ownership of the drugs, and as a result he was incarcerated for 32 months. (File No. 1:06-CR-65, Dkt. No. 35, J.)

Slocombe testified that Movant brought Harrell to meet with him and that Slocombe simply incorporated Harrell into the defense. Slocombe denies telling Harrell the location of the drugs. Slocombe testified that he did not know whether Harrell was telling the truth or not, and that it was not his duty to make a value determination about the testimony. This Court finds it troubling that, by his own testimony, Slocombe made no effort to ensure that he would not be calling on a witness to perjure himself as the main pillar of his client's defense. Counsel's decision to use Harrell's testimony as the main defense was unreasonable.

Even if Slocombe did not engineer Harrell's testimony, Slocombe's recommendation to go to trial still would have been unreasonable. According to the testimony from Harrell,

8

Movant, and Slocombe, Harrell did not meet with Slocombe until shortly before trial. There is no evidence to show that Slocombe prepared a defense other than the one involving Harrell, which could not have been prepared until meeting with him. Slocombe's recommendation to go to trial before even meeting Harrell was unreasonable because without Harrell's testimony, the defense would have been nearly non-existent.

Counsel's second line of defense – attempting to show that Movant did not *own* the machine gun – was unreasonable because, even if true, that argument does not discount Movant's guilt of being *in possession of* the gun. 18 U.S.C. §§ 922(o), 924(a)(2). The charge did not discriminate between ownership or possession, and therefore the defense was not a reasonable one in light of the facts and charges facing Movant.

Counsel never had a viable defense strategy. Accordingly, this Court finds that Slocombe's recommendation that Movant refuse the government's plea offer and go to trial was unreasonable.

### ii. Movant was prejudiced by Counsel's unreasonable recommendation to go to trial.

Movant asserts that he was prejudiced by Counsel's ineffective assistance because Movant would have accepted the plea offer from the government if he had not been told by Counsel to go to trial. (Dkt. No. 1, at 4.) A movant who claims that is counsel was ineffective for encouraging him to reject a plea offer and go to trial states a viable Sixth Amendment claim. *Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988), vacated on other grounds, 494 U.S. 902 (1989), reinstated on other grounds, 940 F.2d 1000, 1002 (6th

Cir. 1991). The *Strickland* standard applies to claims of ineffective assistance of counsel involving counsel's advice during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The Sixth Circuit has held that *Strickland* "only requires that a defendant demonstrate that there is a 'reasonable probability' that the result of the proceeding would have been different. The Supreme Court has imposed no requirement that the defendant meet his burden of proof through objective evidence." *Magana v. Hofbauer*, 263 F.3d 542, 548 n.1 (6th Cir. 2003).

Based on the testimony presented, this Court finds that there is a reasonable probability that Movant would have taken the plea agreement absent Counsel's unreasonable advice. While it is unknown what sentence Movant would have received had he accepted the plea agreement, it is evident that, without the mandatory thirty-year consecutive sentence associated with the machine-gun charge, Movant's sentence would have been significantly less than the 457 months he received as a result of going to trial. Therefore, Movant was prejudiced by Slocombe's unreasonable recommendations and actions in attempting to garner Movant's business and in preparing the case for trial.

The Court notes that there remains a lingering question as to whether Movant was involved in conspiring with Slocombe to introduce false testimony from Harrell as part of the defense. The Court finds that, even if Movant was complicit, Slocombe was still ineffective for failing to advise Movant to take the government's plea offer and for continuing with no viable defense. Any wrongdoing or deception by Movant does not excuse or permit counsel acting in a way that was, as found by this Court, ineffective.

## V.

The Court finds that Movant is entitled to a conditional grant of habeas corpus based on this Court's finding that Mr. Slocombe provided ineffective assistance of counsel. The Government must release Movant from custody unless it brings him to trial again within 70 days.

An order consistent with this opinion shall be entered.


Dated: October 13, 2010 /s/ Robert Holmes Bell  
ROBERT HOLMES BELL  
UNITED STATES DISTRICT JUDGE